UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO CARDENAS RAMIREZ, A-221-416-312

Petitioner,

v.

WARDEN CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03386-DJC-ICD-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding with appointed counsel, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 15. Respondent filed an answer (ECF No. 18) and Petitioner filed a reply. ECF No. 19. Also pending before the Court is Petitioner's motion for expedited consideration. ECF No. 21. For the following reasons, the undersigned recommends that prudential exhaustion should not be imposed, and the petition be granted in part as to Petitioner's prolonged detention claim and denied as to Petitioner's conditions of confinement claim.

## I. BACKGROUND

Petitioner, a native of Colombia, entered the United States in June 2023 on a B-2 visitor visa and was approved for a change of status to an F-1 student in January 2024. ECF No. 15 at 3. Petitioner was arrested by state authorities on September 28, 2025, and transferred to U.S. Immigration and Customs Enforcement (ICE) custody on October 2, 2025. See id. at 4. On November 5, 2025, Petitioner was provided a custody determination by an immigration judge (IJ), who denied Petitioner's request for release. See id.

Petitioner, initially proceeding pro se, filed a petition for a writ of habeas corpus along with a motion for a temporary restraining order. ECF Nos. 1, 2. The District Judge denied the

motion for a temporary restraining order, finding that "it does not appear that Petitioner has a likelihood of success on the merits of his claims surrounding the lawfulness of his re-detention." ECF No. 7. Following the appointment of counsel, Petitioner filed a First Amended Petition. ECF No. 15. In the amended petition, Petitioner asserts two claims for relief: (1) his prolonged detention absent a bond hearing violates his due process rights and (2) his detention at the California City Detention Center violates due process because he is a civil detainee and the conditions at the detention center are punitive. Id.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

As a preliminary matter, Respondent argues that the Court should require prudential exhaustion here because Petitioner "does not challenge the IJ's danger ruling and has not sought a changed-circumstances redetermination. His removal case is advancing on a set calendar, and the agency can grant effective relief through its own custody and appellate processes." ECF No. 18, p. 3. Petitioner contends that exhaustion is not appropriate because he is raising a constitutional challenge to his prolonged detention, and the Board of Immigration Appeals (BIA) lacks authority to adjudicate constitutional claims. ECF No. 19. The undersigned agrees with Petitioner and finds that a habeas petition provides the only opportunity for Petitioner to raise his constitutional claim. Further, district courts have repeatedly found waiver of exhaustion appropriate under similar circumstances. See Cerezo v. Warden, Cal. City Det., No. 1:26-cv-04592-DJC-EFB, 2026 WL 2267929, at *2 (E.D. Cal. Aug. 5, 2026) (citing Bayani v. LaRose, No. 26-cv-0266-JES-VET, 2026 WL 1270059, at *4–5 (S.D. Cal. May 8, 2026)). Therefore, the undersigned recommends that prudential exhaustion not be imposed.

A. **<u>Conditions of Confinement</u>**

Next, the undersigned recommends that Petitioner's claim arising from the conditions of confinement be denied because these claims do not sound in habeas corpus and, therefore, do not provide a basis for relief. <u>See</u> <u>Bakshta v. Chestnut</u>, No. 1:26-cv-01796-DJC-SCR, 2026 WL 1602286, at *3 (E.D. Cal. Jun. 3, 2026).

B. **<u>Prolonged Detention</u>**

Lastly, Petitioner argues his detention is unreasonably prolonged under 8 U.S.C. § 1226(a) and due process entitles him to release or a proper bond hearing. ECF No. 15. Respondent counters that due process does not require a second hearing. ECF No. 18 (<u>citing</u> <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 304–06 (2018); <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003)).

Noncitizens possess a protected Fifth Amendment liberty interest against arbitrary, prolonged immigration detention. <u>Zadvydas v. Davis</u>, 533 U.S. at 693; <u>Rodriguez v. Marin</u>, 909 F.3d 252, 256 (9th Cir. 2018). Under § 1226(a), a detainee is entitled to substantial procedural protections, including a prompt bond hearing before an IJ where individualized evidence is properly weighed. <u>See</u> <u>Garcia-Maya v. Blanche</u>, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. Jul. 7, 2026). When the government fails to provide a constitutionally compliant hearing under § 1226(a), the resulting detention becomes unlawful. <u>See</u> <u>Navarro v. Warden</u>, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *5 (E.D. Cal. Aug. 9, 2026).

Here, the IJ denied bond based on a brief written entry: "Danger. Denied. Three arrests since arrival in the U.S. in June 2023. Pending DUI. Refer to my oral decision." ECF No. 6 at 1. Respondent failed to provide the audio recording or transcript of that oral decision. The paper record shows Petitioner's past infractions consist entirely of non-violent misdemeanors: a tobacco possession infraction as a minor resulting in a $750 fine, a misdemeanor marijuana charge, and a pending, unadjudicated DUI arrest where chemical test results are absent from the record. ECF No. 6 at 7–11, 81–82.

An IJ abuses their discretion by failing to consider the entire evidentiary record or to fully explain how non-violent offenses substantiate a finding of dangerousness. <u>See</u> <u>Franco-Rosendo v. Gonzales</u>, 454 F.3d 965, 966 (9th Cir. 2006); <u>Santana v. Marin</u>, No. 1:26-cv-00915-DJC-JDP,

2026 WL 389625, at *5–6 (E.D. Cal. Jul. 1, 2026). Because the sparse record fails to show that the agency properly weighed this evidence, Respondent has not demonstrated that Petitioner received a constitutionally compliant initial bond hearing.

To determine if detention has become unconstitutionally prolonged, courts apply the Banda factors: (1) total length of detention; (2) likely future duration; (3) conditions of detention; (4) delays caused by the detainee; (5) delays caused by the government; and (6) the likelihood of a final removal order. Magar v. Warden, Cal. City Det. Facility, No. 1:26-cv-03063-DJC-CSK, 2026 WL 1365777, at *2 (E.D. Cal. May 15, 2026) (quoting Banda v. McAleenan, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019)).

Here, Petitioner has been detained since October 2025, spanning nearly one year total and eleven months since his sole bond hearing in November 2025. This duration aligns with periods that courts in this Circuit routinely find warrant relief. See Seck v. ICE, No. 1:26-cv-04027-DJC-AC, 2026 WL 5612341, at *5 (E.D. Cal. Sep. 8, 2026); Amado v. DOJ, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (detention exceeding seven months weighs toward unreasonableness). Respondent notes the removal case is advancing but provides no estimate regarding the timeline for Petitioner's pending Form I-130 appeal. ECF No. 18 at 2. Because the timeline is dictated by administrative delays beyond his control, the future duration remains uncertain, weighing in Petitioner’s favor.

While conditions claims do not independently sound in habeas corpus, they inform the Banda reasonability calculus. Petitioner is held at the California City Detention Center, a facility recently flagged by the California Attorney General for dangerous, unsanitary, and unsafe conditions. ECF No. 15 at 11. Petitioner further asserts his health has severely deteriorated without adequate medical attention. Id. at 14. This factor favors Petitioner.

There is no evidence of bad-faith delay by Petitioner. To the extent Respondent’s audio records of the July 7, 2026 Master Calendar Hearing imply Petitioner sought continuances (ECF No. 17), a detainee’s pursuit of legitimate defenses to removal cannot undermine a claim that detention has become unreasonable. Magar, 2026 WL 1365777, at *4.

Although Petitioner’s Form I-130 was denied on technical grounds, USCIS explicitly

deemed his spousal relationship valid. ECF No. 19 at 1. Supported by counsel's assessment, Petitioner remains eligible to refile for an adjustment of status, rendering a final order of removal unlikely. ECF No. 15 at 2.

Taken together, the Banda factors establish that Petitioner's continued detention without a constitutionally sufficient hearing violates due process. The proper remedy is a new bond hearing before an IJ where the government bears the burden of establishing, by clear and convincing evidence, that Petitioner poses a flight risk or a danger to the community. See Magar, 2026 WL 1365777, at *3.

## III. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that:

1. The Amended Petition for a Writ of Habeas Corpus (ECF No. 15) be GRANTED IN PART and DENIED IN PART. Specifically, the petition should be granted as to Petitioner's prolonged detention claim and denied as to the conditions of confinement claim.

   Within **seven (7) days** of the District Judge's order adopting these recommendations, Petitioner shall be afforded a constitutionally adequate bond hearing before an IJ. At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be permitted to have counsel present.

2. Petitioner's Motion for Expedited Consideration (ECF No. 21) be DENIED AS MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Within **seven (7) days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 23, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE